# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 19, 2022

Lyle W. Cayce
Clerk

No. 21-40584
Summary Calendar

Mark A. Cantu,

*Plaintiff—Appellant*,

*versus*

Guerra & Moore Limited, L.L.P.; Hector Guerra; G & M
Esquires, P.C.; Re/Max Holdings, Incorporated; Yamil
Tueme,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CV-193

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:[*]

Mark A. Cantu appeals the judgment of the district court dismissing his case for lack of standing. We affirm.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40584

In 2017, appellee Guerra & Moore Limited, LLP, sought to judicially foreclose on a residential property that was titled to Cantu, located at 809 Sycamore Ave., McAllen, Texas 78504. *Guerra & Moore, Ltd. v. Cantu*, 2017 WL 6444413, at *12 (S.D. Tex. July 25, 2017). That judicial foreclosure was granted by the district court and affirmed on appeal. *Guerra & Moore, Ltd. v. Cantu* (*In re Cantu*), 720 F. App'x 713, 713-14 (5th Cir. 2018). Cantu then engaged in multiple challenges and appeals attempting to regain the property. *See Rivera v. Guerra & Moore, Ltd.*, 742 F. App'x 874 (5th Cir. 2018)

This is his fourth challenge and appeal. After the foreclosure, the 809 Sycamore property was sold by appellee G & M Esquires, P.C., on behalf of Guerra & Moore Limited, to appellee Yamil Tueme. Cantu sought a declaratory judgment that this sale was void because G & M Esquires, P.C., had lost its right to do business in Texas. The district court dismissed his complaint for lack of standing because Cantu had no claim to the 809 Sycamore property at the time of the 2021 sale from G & M Esquires, P.C., to Tueme.

The district court is correct. To establish standing, Cantu must show an "injury in fact"—that is, an invasion of his own legally protected interest.*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). He cannot do this: the sale was between third parties and was for a property to which he has no legal claim. Therefore, the judgment of the district court is AFFIRMED.